IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Joachin,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AME, Inc.; Chris Eddy, and Rick Wyatt,<br><br>　　　　　　　Defendants. | C/A No. 0:22-cv-2767-JFA-KDW<br><br>**ORDER** |

## I.    INTRODUCTION

In this employment discrimination case, Plaintiff, Daniel Joachin ("Plaintiff") brings national-origin discrimination, hostile work environment, and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). In addition to his federal law based claims against Defendant AME, Inc. ("Defendant AME"), Plaintiff also sues Defendant AME for wrongful discharge in violation of public policy ("WDPP") under South Carolina law. Plaintiff also alleges state-law-based claims of negligent retention and supervision against all Defendants (including AME, Defendant Chris Eddy ("Eddy"), and Defendant Rick Wyatt ("Wyatt")), and an assault and battery claim against Eddy.

All pretrial proceedings in this case, including the instant for partial dismissal (ECF No. 15), were referred to the Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge assigned to

1

this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should grant Defendant's Motion for Partial Dismissal. (ECF No. 35). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff originally filed this suit on August 18, 2022, and thereafter, Plaintiff filed an Amended Complaint on November 4, 2022. (ECF No. 1 &12). In response, Defendant filed an Answer and Motion for Partial Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 15 &16). On December 2, 2022, Plaintiff filed his Response in Opposition to the Motion (ECF No. 19), and on December 8, 2022, Defendants filed their Reply. (ECF No. 21).

On March 7, 2022, the Magistrate Judge entered the Report recommending Defendant's motion be granted and requiring the parties to file Objections to the Report by March 21, 2023. To date, neither party has filed Objections to the Report, and thus, this matter is ripe for review.

II.     **LEGAL STANDARD**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

2

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2,

2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion to dismiss pursuant to Rule 12(b)(6) is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.  DISCUSSION

As an initial matter, the underlying facts of this case are correctly and accurately summarized in the Report and incorporated herein as if restated verbatim. However, for context, this Court will briefly summarize the most significant facts.

Plaintiff, an African American male of Haitian descent, began working for Defendant AME in or around February 2019 as a concrete finisher. (ECF No. 1 at 4, 15). Plaintiff's immediate supervisor was Defendant Eddy and Defendant Eddy reported to Defendant AME's Senior Project Manager, Defendant Wyatt. *Id.* at 17-18. Plaintiff alleges that Defendant Eddy frequently harassed him on the job by calling him names and questioning his citizenship status. *Id.* 19-25. This behavior culminated in early June of 2020 when Defendant Eddy allegedly became "enraged" at Plaintiff while he was pouring concrete on a job site. Plaintiff alleges Defendant Eddy swung a shovel at him, narrowly missing him, and used the shovel to throw concrete on Plaintiff's body. *Id.* at 27-28. Defendant Eddy then allegedly approach Plaintiff with his fists raised attempting to fight

Plaintiff which resulted in Plaintiff leaving the job site out of fear. *Id.* at 29. Plaintiff alleges he reported Defendant Eddy's behavior to Defendant AME's Human Resources prior to this incident, but nothing was done. *Id.* at 36.

In the Motion for Partial Dismissal, Defendants seek dismissal of Plaintiff's Title VII retaliation claim, as well as his state-law-based claims for WDPP and negligent supervision and retention. (ECF No. 15). In the Report, the Magistrate Judge makes the following findings: (1) Plaintiff's Title VII retaliation claim should be dismissed for his failure to administratively exhaust this claim in accordance with 42 U.S.C. §§ 2000e–5(e)(1), 2000e–5(f)(1); (2) Plaintiff's claims for negligent retention and supervision should be dismissed as they have been abandoned and Plaintiff did not object to the Report's conclusion on this basis; (3) Plaintiff's wrongful discharge in violation of public policy claim should be dismissed because this claim is repetitive of his existing Title VII claims.

Because neither party filed any objections to the Report, this Court is not required to give an any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, this Court did conduct a careful review of the record as well as the Report and is convinced that the Magistrate Judge's findings are correct. Therefore, this Court adopts the Report in full and Defendants' Motion for Partial Dismissal is granted.

### IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds the Magistrate Judge's recommendation fairly and

accurately summarizes the facts and applies the correct principles of law. Therefore, the court adopts the Report and Recommendation in all regards. (ECF No. 35).

Defendant's Motion for Partial Dismissal (ECF No. 15) is granted and Plaintiff's causes of action for Title VII retaliation and state-law-based claims of negligent retention and supervision and wrongful discharge in violation of public policy will all be dismissed. Further, as Plaintiff's claim for negligent retention and supervision was the only claim brought against Defendant Wyatt, he is dismissed as a party to this action. Finally, this matter will be recommitted to the Magistrate Judge for all pretrial proceedings as to Plaintiff's Title VII claims of discrimination and hostile work environment against Defendant AME and the assault and battery claim against Defendant Eddy.

IT IS SO ORDERED.

April 24, 2023                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge